**UNITED STATES of America,
Plaintiff and Appellee,**

**v.**

**Ronald HOLM, Defendant and Appellant.**

**No. 76–1537.**

United States Court of Appeals,
Ninth Circuit.

March 25, 1977.

Morris Sankary, San Diego, Cal., argued, for defendant and appellant.

Howard A. Allen, Asst. U.S. Atty., San Diego, Cal., argued, for plaintiff and appellee.

Before ELY and WALLACE, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

In May of 1975 the grand jury for the Southern District of California charged the defendant Holm and others with conspiracy to possess amphetamines with intent to distribute them, a violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment was superseded in November, 1975, by a new indictment which named two additional defendants and added two additional counts not pertaining to Holm.

Holm filed a motion alleging that the delay in bringing the indictment violated his fifth amendment right to a fair trial, and the District Court denied the motion. However, the motion was granted as to a co-defendant who had filed an affidavit alleging death of one of his principal defense witnesses. Subsequently, a third indictment labeled "Superseding Indictment" was returned on December 11, 1975, realleging the conspiracy involving Holm. For some reason not explained in the record, Holm was tried on the November, rather than on the December indictment. In January, 1976, he was found guilty after a jury trial.

### I.

Holm first attacks his conviction on the ground that he could not validly be tried on the superseded November indictment. His argument, based primarily on the dictionary definition of the word "superseded," is entirely formalistic. It is undisputed that the Government may have two indictments outstanding against an accused at the same time. *Thompson v. United States,* 202 F. 401, 404 (9th Cir. 1913). We do not accept the argument that the use of the word "superseded" in the December indictment means that the trial of Holm on the November indictment deprived him of his right to be indicted by a grand jury. Perhaps if we could discern some significant prejudice to Holm from the procedure that was followed, our holding would be different. Here, however, we cannot perceive any such prejudice.

### II.

Holm's claim that the Government's delay in the bringing of the indictment violated his fifth amendment right to a fair trial is foreclosed by his failure to present evidence of actual prejudice. *See United States v. Coltrane,* 549 F.2d 670 (9th Cir. 1977). While the absence of prejudice is not totally dispositive of Holm's "speedy trial" claim under the Sixth Amendment, we conclude that the district judge was correct in refusing to dismiss the indictment. A weighting of the factors suggested in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) comes out heavily in favor of the Government.

AFFIRMED.

* Honorable Spencer Williams, Northern District of California, sitting by designation.