**UNITED STATES of America**

v.

**Lawrence David RAMAPURAM.**

**Crim. No. B–76–022.**

United States District Court,
D. Maryland.

May 27, 1977.

---

Jervis S. Finney, U. S. Atty., and Herbert Better, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Benjamin Lipsitz, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

This is a juvenile proceeding pursuant to the Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. §§ 5031–5042. The statute provides in pertinent part:

A juvenile alleged to have committed an act of juvenile delinquency shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to an appropriate district court of the United States that the juvenile court or other appropriate court of a State (1) does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, or (2) does not have available programs and services adequate for the needs of juveniles.

If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of such State. . . .

18 U.S.C. § 5032.

In the original certification filed in this case, the United States Attorney for the District of Maryland, as the Attorney General's designee, certified that the Baltimore County State's Attorney had declined to assume jurisdiction over the juvenile defendant in connection with the acts charged.[1] This court then assumed jurisdiction and entered an order conditionally deferring prosecution. These conditions were allegedly violated and the United States sought to assert its rights under the deferred prosecution agreement by moving to transfer this case for criminal—as opposed to juvenile—prosecution. 18 U.S.C. § 5032. A hearing was held pursuant to the statute and this court orally ruled that the defendant had violated the deferred prosecution agreement and that the case should be transferred for criminal prosecution.

At the hearing, however, newly-retained defense counsel moved to dismiss the entire proceeding for want of a proper certification under the above-quoted portion of 18 U.S.C. § 5032. In particular, defense counsel urged that the statute requires the Attorney General to certify that an appropriate state *court* is without, or refuses to exercise, jurisdiction. The court reserved on this motion at the hearing in order to give the government an opportunity to re-

---

1. The file contains a letter from the Baltimore County State's Attorney to the United States Attorney specifically declining jurisdiction in this matter.

spond; the oral grant of the motion to transfer was made conditional upon the outcome of the motion to dismiss.

The government has now responded to the defendant's motion, offering four alternative arguments in support of its position that the motion should be denied and jurisdiction retained. The arguments are 1) that the State's Attorney's declination of jurisdiction was sufficient under Maryland law to satisfy the federal certification requirement, 2) that certification is not required where the United States seeks, as here, to proceed against the offender as an adult, 3) that the certification is not reviewable, absent bad faith, and 4) that a new certification, from a state *court,* would not be untimely.[2]

Because section 5032 in its present form is of such recent origin there is a paucity of reported case law from which to seek guidance in construing it. This court is therefore writing on a clean slate in addressing the present motion and the government's responses.

■ Taking the government's arguments in order, it seems that certification based upon the representation of the Baltimore County State's Attorney was sufficient to satisfy the statutory requirement. Although the statute literally requires certification of the fact that an appropriate state *court* refuses to assume jurisdiction, this court does not believe the statute demands literal compliance. Section 5032 is founded in comity and represents a Congressional desire to defer to the states in matters of juvenile delinquency. *See* S.Rep. No. 93–1011, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 5283, 5320.[3] The federal statutory purpose is served by giving the state the first opportunity to assert jurisdiction. As long as the state refusal to exercise jurisdiction originates

from a state official having ultimate authority to assume or refuse jurisdiction, it is pointless to require that the refusal originate in the state *courts.* Accordingly, it is the holding of this court that where federal jurisdiction in a juvenile case is predicated on state refusal of jurisdiction there is sufficient compliance with the certification requirement of section 5032 if the refusal originates from a state official who has the authority to make such refusal under state law.[4]

■ Applying this holding here, under Maryland law the State's Attorney has absolute discretion in deciding whether delinquency proceedings are appropriate. Although, as defendant correctly observes, "[a]ny person or agency" may originate a delinquency proceeding, *Annotated Code of Maryland,* Cts. & Jud.Proc. Art., 3–810(a) (Supp.1976), such proceedings are initiated by petition and such petitions must be prepared, signed and filed by the State's Attorney. *Id.,* § 3–812; Md.R.Civ.P., Rules 903(a)(3), 903(b) and 904. Moreover, "[t]he State's attorney, upon assigning his reasons, may dismiss a petition alleging delinquency in open court." *Code, supra,* § 3–812(d). Juvenile causes in Maryland cannot proceed without the approval of the State's Attorney; he has the sole discretion controlling whether such causes may proceed and his discretion operates independently of the courts. Accordingly, this court holds that the certification of the United States Attorney that the Baltimore County State's Attorney refused to proceed against defendant satisfies the requirements of 18 U.S.C. § 5032 and permits this court to exercise its jurisdiction.

■ The government's second contention is wholly without merit. The quote in footnote three, *supra,* and the material which follows it in the legislative history clearly

---

2. Such a certification was in fact filed by the government along with its opposition to the motion to dismiss.

3. "A juvenile shall not be proceeded against in Federal court unless the State courts refuse jurisdiction, or do not have adequate services available."

4. Cases wherein the state courts lack jurisdiction are not at issue here and the court intimates no opinion on the applicability of this holding to such cases.

refutes the government's contention that no certification is required where the government moves to transfer. S.Rep. No. 93–1011, [1974] U.S.Code Cong. & Ad.News, *supra,* at 5320.

As for the contention that the certification is unreviewable, in view of the holding hereinabove and below, this court need not—and hence will not—go this far. *United States v. Hill,* 538 F.2d 1072, 1077 (4th Cir. 1976).[5]

 Finally, the court believes as the government contends that a faulty section 5032 certification is susceptible of cure. The only significant question is one of timeliness. *United States v. Cuomo,* 525 F.2d 1285, 1289–90 (5th Cir. 1976). The government has now filed in the instant action a second certification based on a refusal of juvenile jurisdiction over the defendant by a judge of the Circuit Court of Baltimore County. The defendant concedes this certification is proper and agrees that the issue is one of timeliness.

The precise holding in *Cuomo* was: "Without deciding the latest possible time for filing, we hold that the filing of a proper certificate prior to arraignment before the district court in the case at bar was sufficient compliance with § 5032 to permit the proceeding against Cuomo to continue." *Id.* at 1290. The defendant argues, and reasonably so, that this and other language in *Cuomo* stand for the more general proposition, of which *Cuomo* is factually one example, that proper certification must exist before the defendant may be "proceeded against" in the federal courts. *See id.* at 1289.

Defendant in the instant case has undeniably been "proceeded against" in this court.[6] But the court disagrees with the proposition that cure must precede proceedings. Although *Cuomo* may reasonably be so read, nonetheless that court was careful to preface its precise holding with clear language that it was not "deciding the latest possible time for filing." Both the statutory language and S.Rep. 93–1011 state that a juvenile shall not be proceeded against in federal court "unless" there is filed a proper certification. Neither source declares that there may be no proceedings "until" a proper certification is filed. Nor is the language to the effect that there may be no proceedings "unless" a certification is *"first"* filed. In short, there is no language of priority. Furthermore, the defendant has shown no prejudice justifying dismissal of these proceedings and the court can conceive of none. Accordingly, this court holds that in the instant case, cure was not untimely. Like the *Cuomo* court, this court refuses to say at what stage in the proceedings a curative certification might be untimely, but holds only that it was not so in this case. For the foregoing reasons, it is this 27th day of May, 1977, by the United States District Court for the District of Maryland, ORDERED:

That defendant's motion to dismiss be, and the same hereby, is, DENIED.

---

5. Moreover, the court is inclined to the view expressed by the defendant, that to the extent the not-reviewable argument is viable, it is viable only as applied to review of the merits of state court refusal to accept jurisdiction. Even in *United States v. Vancier,* 515 F.2d 1378 (2d Cir. 1975), the case establishing the non-reviewability of section 5032 certifications, the holding is susceptible of this interpretation, although the language is broad, because the defendant in fact sought review of the merits of the certification.

6. The original certification was filed over a year prior to the filing of the present motion and the cure in opposition thereto. In the interim, although prosecution was deferred, the agreement so doing was effected by order of this court and it imposed serious restraints on the defendant's liberty. Accordingly, the court holds that defendant was "proceeded against" prior to the filing of the curative certification.