UNITED STATES of America,
Plaintiff-Appellee,

v.

Dewayne F. TITUS, Defendant-Appellant.

No. 76–2901.

United States Court of Appeals,
Ninth Circuit.

March 29, 1978.

Rehearing Denied May 25, 1978.

Orrin L. Grover, III (argued), of Pechner, Dorfman, Wolffe & Rounick, San Francisco, Cal., for defendant-appellant.

John M. Youngquist, Chief Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, KILKENNY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Titus appeals from his judgment of conviction in a trial to the court on five counts of tax fraud under 26 U.S.C. §§ 7201, 7206(1). We affirm.

Appellant's contention that the district court denied his sixth amendment right to counsel is spurious. It is clear from

a reading of the record that what Titus sought was to represent himself, and also to have an attorney-advisor appointed at government expense. Yet he was adamant in his refusal to fill out and sign the financial affidavit (in support of request for attorney, expert or other court services without payment of fee), Form CJA 23, to establish his indigency. *See United States v. Ellsworth,* 547 F.2d 1096, 1097–98 (9th Cir. 1976), *cert. denied,* 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 247 (1977).

The district court demonstrated remarkable patience in dealing with Titus who claimed he was better able to handle the trial than could any attorney. The court explained several times the necessity for Form CJA 23 to be executed, and that the information contained in it could not be used against Titus in any civil or criminal case, but that false statements therein could expose him to a perjury charge. After extended colloquies with him about his refusal to hire his own counsel or to sign CJA 23 to qualify him for court-appointed counsel, the court told Titus such refusal was deemed a waiver of court-appointed counsel.[1] We agree. *See Ellsworth,* 547 F.2d at 1097–98.

■ We find to be frivolous appellant's second argument that he was deprived of the right to trial by jury—that he was coerced into waiving that right. Waiver originated with Titus who said he wanted to shorten the trial and that he preferred a judge to a jury in an income tax evasion trial. Nevertheless, the court, prior to approving the waiver of jury, was careful to reconfirm appellant's desire to waive jury after explaining at length the advantages of having a jury trial, and was satisfied that Titus knowingly and intelligently was making that election. Titus then signed a written waiver of jury trial.

Appellant's next contention is that the nineteen-month delay[2] in indicting him on the tax fraud charges after the Internal Revenue Service had completed its investigation of his tax affairs prejudiced him and requires dismissal of the indictment. The district court denied Titus' motions to dismiss for alleged deprivation of his fifth amendment right to due process by the pre-indictment delay. His grounds for claiming prejudice were his deteriorating physical condition, missing documents, death of three witnesses, and faded recollections of other witnesses.

■ In *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court held that under certain circumstances a pre-indictment delay could result in a denial of due process guaranteed by the fifth amendment. We applied the *Marion* test in *United States v. Mays,* 549 F.2d 670 (9th Cir. 1977) and held that *Marion* requires that three elements be considered: (1) actual prejudice to defendants, (2) length of delay, and (3) reason for delay. 549 F.2d at 677–78. While the length of delay and the reason for delay are factors to be balanced by the court, a finding of actual prejudice is a prerequisite to finding a due process violation. *See Arnold v. McCarthy,* 566 F.2d 1377, 1382 (9th Cir. 1978); *United States v. Holm,* 550 F.2d 568, 569 (9th Cir.), *cert. denied,* 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977); *Mays,* 549 F.2d at 677, 680. The Supreme Court in *United States v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), in an action based on pre-indictment delay, reiterated the necessity of proving actual prejudice in order for an appellant to prevail. The three-prong inquiry outlined in *Mays* is consistent with the Supreme Court's subsequent command in *Lovasco* that "lower courts, in the first instance, [assume] the task of applying the settled

---

1. Actually, however, Titus was accompanied from the start of the trial by his privately-retained lawyer who sat for the first three days in the spectators' section of the court, but from the fourth day on sat with Titus, assisted him in some cross-examination, actually conducted direct and cross-examination, objected to evidence, argued motions, and delivered closing argument.

2. He says it took the IRS six months to review the results of its investigation, seven months to "appoint an attorney" and four months to present the case to the grand jury.

principles of due process that [the Supreme Court has] discussed to the particular circumstances of individual cases." 431 U.S. at 797, 97 S.Ct. at 2052.

 In deciding several motions on this issue, the district court found that no prejudice resulted to appellant from the pre-indictment delay. Appellant has not presented the "definite" evidence which would persuade us that the district court's finding was clearly erroneous. *See Mays,* 549 F.2d at 677. Since the showing of actual prejudice required by *Mays* and *Lovasco* is lacking, it is unnecessary for us to consider the length of or the reason for the delay.

The judgment of the district court is AFFIRMED.