127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell HURT, Defendant-Appellant.
 No. 95-15545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, No. CV-95-00035-DAE CR-92-01441-DAE; David A. Ezra, District Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Darrell Hart appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his jury conviction and sentence for bank robbery and using a firearm during a crime of violence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo a district court's denial of a federal prisoner's section 2255 motion, see United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and we affirm.
 
 A. Double Jeopardy
 
 3
 Hart contends that he was subject to double jeopardy because both the original and superseding indictments were outstanding and valid at the time of his trial. We disagree. There was no second prosecution or multiple punishment for the same offense because Hart was tried only on the superseding indictment, and thus, Hart was not subject to double jeopardy. See United States v. Halper, 490 U.S. 435, 440 (1989); United States v. Holm, 550 F.2d 568, 569 (9th Cir.1977).
 
 B. Speedy Trial
 
 4
 Hart contends that the 30-day requirement of 18 U.S.C. § 3161(c)(2) was violated because he was forced to trial one week after the superseding indictment was filed. We do not address this issue because Hart failed to raise it in the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 C. Fourth Amendment
 
 5
 Hart litigated his ineffective assistance of counsel and Fourth Amendment claims on direct appeal, and thus, he is barred from raising the same issue on collateral review in this section 2255 motion. See United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980).
 
 D. Ineffective Assistance of Counsel
 
 6
 Hart's contention that his trial counsel was ineffective for refusing to allow Hart to testify and for asking improper questions lacks merit. Contrary to Hart's assertion, the record demonstrates that it was Hart's own decision not to testify. Hart cites no specific instance where his attorney asked improper questions. Thus, Hart failed to show either deficient performance or prejudice, and accordingly, Hart's trial counsel was not ineffective. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 E. Jury Instruction
 
 7
 Hart contends that he was deprived of a fair and impartial trial because prior to deliberations, a no-adverse-inference jury instruction was not given on Hart's right not to testify. This contention lacks merit because Hart never requested an instruction admonishing the jury not to draw an adverse inference from his failure to testify, and the jury was given a no-adverse-inference instruction during voir dire. See Carter v. Kentucky, 450 U.S. 288, 300 (1981); United States v. Castaneda, 94 F.3d 592, 596 (9th Cir.1996).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Accordingly, we need not address Hart's contention that his counsel was ineffective for failing to request a no-adverse-inference jury instruction