# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: IOURI MIKHEL,

─────────────────────────────

UNITED STATES OF AMERICA,
                    *Petitioner,*

v.

UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA,
                    *Respondent,*

IOURI MIKHEL; JURLIUS KADAMOVAS;
PETRO KRYLOV; NATALYA
SOLOVYEVA,
          *Real Parties in Interest.*

No. 06-73376

D.C. No.
CR-02-00220-DT

OPINION AND
ORDER

Petition for Writ of Mandamus to the United States
District Court for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Filed July 7, 2006

Before: Michael Daly Hawkins, Sidney R. Thomas, and
Barry G. Silverman, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Andrea L. Russi, Assistant United States Attorney, Los Angeles, California, for petitioner United States.

Dale Michael Rubin, San Marino, California, and Richard M. Callahan, Jr., Pasadena, California, for real party in interest Iouri Mikhel.

Richard P. Lasting, Santa Monica, California, and Sonia E. Chahin, La Canada, California, for real party in interest Jurlius Kadamovas.

George W. Buehler, Los Angeles, California, and David R. Evans, Pasadena, California, for real party in interest Petro Krylov.

Terry J. Amdur, Pasadena, California, and Michael M. Crain, Santa Monica, California, for real party in interest Natalya Solovyevae.

## OPINION

PER CURIAM:

The United States petitions for a writ a mandamus ordering the district court to permit certain crime victims to observe in

its entirety the murder trial in which they will testify, pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. For the reasons explained below, we grant the United States' petition in part.

Defendants are charged, in pertinent part, with kidnaping for ransom and then murdering five people who lived in the Los Angeles area. On May 16, 2006, the United States filed an unopposed motion in limine to permit the family members of the murder victims — including those who were to testify — to witness the defendants' trial in its entirety. The district court denied the motion and held that

> During the guilt or penalty phase of the trial any victim or relative of victim may observe the trial. Now, if that person is going to testify in the guilt phase of the trial, that witness will be excluded until called as a witness. After testifying, that witness may remain. During the penalty phase, the same procedure will be followed.

The court explained that its ruling served to prevent collusive witness testimony and to ensure proper courtroom decorum. The United States petitioned this court for a writ of mandamus.[1]

[1] In recognition of the substantial deference afforded trial courts in these matters, our rules have traditionally provided that non-party witnesses cannot listen to the trial testimony of other witnesses. FED. R. EVID. 615. Rule 615, however, recognizes an exception for "a person authorized by statute to be present." *Id.* And, it turns out, Congress created just such an exception for crime victims when it enacted the CVRA and gave crime victims "[t]he right not to be excluded from any

---

[1]Although the United States is clearly not the "victim" in this case, it is proper that the government bring this petition because § 3771 provides that "the attorney for the Government may assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

. . . public court proceeding." 18 U.S.C. § 3771(a)(3).[2] A crime victim, however, does not have an absolute right to witness a trial at the expense of the defendant's rights. A district court may exclude a victim-witness from the courtroom if the court finds by "clear and convincing evidence . . . that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." *Id.* That said, even where a victim-witness may be properly excluded pursuant to § 3771(a)(3), "the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding." 18 U.S.C. § 3771(b).

In this case, the district court excluded the victim-witnesses without determining whether their testimony would be "materially altered" were they allowed to witness the entire trial. Nor does it appear that the district court considered whether there were "reasonable alternatives" that would enable the victim-witness to attend the trial pursuant to § 3771(b).

**[2]** While the district court's summary exclusion of the victim-witnesses may have been proper under Rule 615 prior to the enactment of the CRVA, *see generally United States v. West*, 607 F.2d 300 (9th Cir. 1979), the CVRA abrogated Rule 615, at least with respect to crime victims. A mere *possibility* that a victim-witness may alter his or her testimony as a result of hearing others testify is therefore insufficient to justify excluding him or her from trial.[3] Rather, a district court

---

[2]The definition of a "victim" under the CVRA is not limited to the person against whom a crime was actually perpetrated. Rather, the term "victim" includes any "person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). When the victim is deceased, "the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights." *Id.* Thus, the family members of the murder victims in this case are themselves victims for purposes of § 3771.

[3]Because there is always a *possibility* that one witness will alter his testimony based on the testimony of another, were this the standard, a district

must find by clear and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will alter his or her testimony. *See United States v. Johnson*, 362 F. Supp. 2d 1043, 1056 (N.D. Iowa 2006) (permitting victim-witnesses to testify when "each of these witnesses appears likely to testify during the 'merits phase' only as to discrete factual events surrounding the disappearance of the murder victims and to identify certain clothing and other items recovered during various searches, which are not matters susceptible to 'material alteration' from hearing the testimony of other witnesses").[4]

[3] Thus, we grant the United States' petition in part and instruct the district court to consider whether clear and convincing evidence proves that the victim-witnesses' testimony will be "materially altered" if they are allowed to attend the trial in its entirety. We decline to order the district court to allow the courtroom presence of the victim-witnesses, or to provide any other specific instructions. Rather, we simply remand the issue for reconsideration by the district court in light of this opinion and the requirements of CVRA. We do not reach the merits of any other issue.

### PETITION GRANTED IN PART; REMANDED.

---

court could without exception exclude crime victims, and Congress's intent to abrogate Rule 615 with respect to crime victims would be rendered meaningless.

[4]The government argues that the testimony of the victim-witnesses it intends to call will be analogous to the testimony given by the victim-witnesses in *Johnson*. Because the district court did not consider the victim-witnesses' intended testimony and there is no evidence of the contents of that testimony in the record before us, we express no opinion as to the merits of the government's argument.