UNITED STATES of America, Appellee,

v.

Marlon Joe LEWIS, Appellant.

No. 90–2175.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1991.

Decided April 5, 1991.

---

S. Dean Price, Federal Public Defender, Springfield, Mo., for appellant.

David Rush, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Marlon Joe Lewis appeals from a final order entered in the District Court[1] for the Western District of Missouri committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. *United States v. Lewis*, No. 89-3384-CV-S-2 (W.D.Mo. Mar. 15, 1990) (order). For reversal, Lewis argues the district court did not apply the proper standard of proof and that its findings of mental disease or defect and dangerousness were clearly erroneous. For the reasons discussed below, we affirm the order of the district court.

Lewis is an unsentenced federal prisoner. In the early 1980s Lewis was arrested in California and charged with bank robbery. He was found to be incompetent to stand trial; it was also determined that it was unlikely that he would regain competency in the foreseeable future. As a result, Lewis was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). Lewis has a long history of psychiatric illness and assaultive and aggressive behavior. During the mid–1980s he was treated at both the Federal Medical Center (FMC) in Springfield, Missouri, and in Rochester, Minnesota. While in these institutions, Lewis's psychiatric condition did not improve; his symptoms included visual and auditory hallucinations, and he became increasingly delusional and aggressive. He has been and is now being treated with psychotropic medication. In May 1989 he was sent back to the FMC in Springfield, Missouri, for a psychiatric examination. In September 1989 an FMC psychiatric panel concluded that he was mentally ill, in need of placement in a suitable hospital, and dangerous to others.

In October 1989 the government filed a petition to determine present mental condition pursuant to 18 U.S.C. § 4246. The district court referred the petition to a magistrate judge[2] for preliminary matters pursuant to 28 U.S.C. § 636(b). The magistrate judge appointed the federal public defender to represent Lewis and also granted a defense motion for an independent psychiatric examination. The independent psychologist interviewed Lewis and agreed with the FMC psychiatric panel that Lewis was suffering from a mental disease or defect ("schizoaffective disorder, bipolar type"), that if he were released, he would pose a substantial risk of bodily injury to another person or serious damage to the property of another, and that he needed custodial treatment in a suitable facility. In his report the independent psychologist also reviewed Lewis's psychiatric history and his history of destructive, assaultive

---

1. The Honorable William R. Collinson, Senior United States District Judge for the Western District of Missouri.

2. The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

and threatening behavior and described some of Lewis's current delusions.

The magistrate judge held an evidentiary hearing at which Lewis appeared and testified in his own behalf. Lewis asserted that he was not mentally ill and that he believed the psychotropic medication was making him appear to be mentally ill. In his report and recommendation the magistrate judge found that the unanimous expert opinions of the FMC psychiatric panel and the independent psychologist, in addition to Lewis's testimony, established that Lewis was presently suffering from a mental disease or defect, as a result of which his release could pose a substantial risk of bodily injury to another person or serious danger to the property of another. Slip op. at 1–2. The magistrate judge noted that appropriate state placement was not presently available and therefore recommended Lewis be committed pursuant to 18 U.S.C. § 4246. *Id.* at 2. Lewis filed written objections. The district court adopted the recommendation of the magistrate judge and ordered commitment pursuant to 18 U.S.C. § 4246. This appeal followed.

 First, Lewis argues the district court and the magistrate judge may have applied the wrong standard of proof. The civil commitment statute requires proof of mental disease or defect and dangerousness by clear and convincing evidence, 18 U.S.C. § 4246(d). Lewis argues that, in the absence of an express reference to this standard of proof in either the district court's order or the magistrate judge's report and recommendation, the court of appeals cannot be confident that the district court and the magistrate judge in fact applied the correct standard of proof. Neither the district court's order nor the magistrate judge's report and recommendation expressly referred to the required clear and convincing standard of proof. Both documents, however, specifically referred to the civil commitment statute, 18 U.S.C. § 4246. It is not unreasonable to infer from this specific statutory reference that the district court and the magistrate judge knew of and applied the clear and convincing standard of proof.

Next, Lewis argues the district court's findings that he was currently suffering from a mental disease or defect and that his release would create a substantial risk of bodily injury to another or serious damage to the property of another were clearly erroneous. We disagree. In the present case, unanimous expert opinion, which included that of the court-appointed independent expert, supported the district court's findings of mental disease or defect and dangerousness.

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 47B.