# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1912

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Craig Belknap, | * | District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: January 15, 2002
Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

As the expiration of Craig Belknap's prison sentence approached, the warden filed a certificate of mental disease and dangerousness and a petition to commit Belknap involuntarily under 18 U.S.C. § 4246. After a hearing, the district court[*] committed Belknap to the Attorney General's custody, finding clear and convincing evidence that due to a mental disease or defect, Belknap's release from prison would

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

pose a substantial risk of bodily injury to another or serious damage to another's property, and no suitable state placement was available. 18 U.S.C. § 4246(d).

Section 4246(a) provides:

If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. . . . A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

The district court then holds a hearing to determine whether clear and convincing evidence shows : (1) the prisoner has a mental disease or defect, (2) the prisoner would be dangerous if released, and (3) there is no suitable state placement available. Id. § 4246(d); United States v. S.A., 129 F.3d 995, 1000 (8th Cir. 1997). If the Government establishes these elements of proof, the prisoner is involuntarily committed to the Attorney General's custody. 18 U.S.C. § 4246(d).

On appeal, Belknap first contends the district court lacked subject matter jurisdiction because, although the warden alleged in the certificate that no state placement was available, the warden did not learn that state placement was unavailable until after the petition's filing. Belknap cites no cases holding a court lacks jurisdiction if the absence of state placement is not factually determined before the § 4246 petition is filed, however. It is clear the warden's certificate does not constitute proof of the certificate's allegations of mental disease or defect, dangerousness, and lack of suitable state placement because those elements of proof must be established later by clear and convincing evidence at the hearing. See id. The filing of the certificate with the appropriate allegations vested the district court

with jurisdiction to hear the case and stayed Belknap's release pending completion of the hearing. At the hearing, the Government presented undisputed evidence establishing all three elements of proof. In short, the question of available state placement is one of proof, and the district court had jurisdiction to hear Belknap's case.

Belknap also argues there is not clear and convincing evidence to support the district court's findings of mental disease or defect and dangerousness. Although Belknap did not exhibit any violent behavior during his incarceration, the district court's findings are not clearly erroneous given the unanimous opinion of both the Government and defense experts. See S.A., 129 F.3d at 1000 (standard of review); United States v. Lewis, 929 F.2d 440, 442 (8th Cir. 1991) (per curiam) (upholding findings of mental disease and dangerousness when supported by unanimous expert opinion); United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990) (same). Overt acts of violence are not necessary to show dangerousness, and the experts recognized Belknap's behavior improves in a controlled setting like prison and Belknap would likely quit taking his medication if released. S.A., 129 F.3d at 1001. Indeed, Belknap does not believe that he has a mental illness or that medication is beneficial, and has a history of stalking and carrying firearms. We thus affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-