# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1587

_____

| | | |
|---|---|---|
| Louis Ives, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri |
| Bill Hedrick, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 20, 2002

Filed: July 19, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Louis Ives, a civilly committed patient, appeals from the final judgment entered in the District Court[1] for the Western District of Missouri, denying his 28 U.S.C. § 2241 petition in which he contested his commitment under 18 U.S.C. § 4246 beyond the expiration of his criminal sentence for second-degree murder.  For

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

reversal, Ives argues that he is not dangerous, that he was denied procedural due process at the § 4246 hearing, that he is innocent of second-degree murder, that his counsel was ineffective at the § 4246 hearing, and that he was denied a transcript of the § 4246 hearing. For the reasons discussed below, we affirm the judgment of the district court.

Ives may contest the illegality of his civil commitment through a habeas petition, see 18 U.S.C. § 4247(g), and we review the dismissal of a § 2241 petition de novo. See United States v. Lurie, 207 F.3d 1075, 1076 (8th Cir. 2000). We conclude that the district court did not clearly err in finding that Ives suffered from a mental disease or defect and was dangerous. See United States v. S.A., 129 F.3d 995, 1000 (8th Cir. 1997) (government must prove dangerousness by clear and convincing evidence; appeals court reviews dangerous determination for clear error), cert. denied, 523 U.S. 1011 (1998); United States v. Lewis, 929 F.2d 440, 442 (8th Cir. 1991) (per curiam) (§ 4246 findings of mental disease and dangerousness upheld where supported by unanimous expert opinion, including opinion of court-appointed independent expert). Additionally, we are unpersuaded that the district court's order should be disturbed based on Ives's unsupported and unexplained assertion that he was denied some procedural protections at the § 4246 hearing.

We decline to address Ives's claims that (1) he is innocent of second-degree murder, as this is not appropriately raised here, see Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992) (collateral challenge may not do service for appeal), cert. denied, 507 U.S. 945 (1993); (2) his counsel was ineffective at the § 4246 hearing, as this claim is new on appeal, see Alexander v. Pathfinder, Inc., 189 F.3d 735, 742 (8th Cir. 1999) (this court does not consider new arguments on appeal); and (3) he was denied a transcript of the § 4246 hearing, as there is no indication in the record that he ever requested a transcript.

Accordingly, we affirm. We deny Ives's motions for appointment of counsel and to suppress a response filed by appellee.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.