**[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals

## For the First Circuit

No. 01-1683

UNITED STATES OF AMERICA,

Appellee,

v.

MICHAEL B. THOMPSON,

Respondent, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Torruella, Lynch, and Lipez, Circuit Judges.

Peter K. Levitt, with whom Michael J. Sullivan, United States Attorney, and Cynthia W. Lie, Assistant U.S. Attorney, were on brief, for appellee.

Syrie D. Fried, Attorney, Federal Defender Office, for appellant.

August 30, 2002

**PER CURIAM.**  Respondent Michael B. Thompson was scheduled to be released from the Federal Medical Center at Devens, Massachusetts on December 23, 2000, after serving a three-year sentence for illegally possessing a firearm.  On December 22, the United States petitioned the district court to stay Thompson's discharge, citing the respondent's deteriorating mental condition and the belief of the staff at the medical center that Thompson would pose a substantial risk of harm to other persons or property if he were released.  Pursuant to 18 U.S.C. § 4246, the district court conducted a hearing to assess Thompson's mental condition and the risks posed by his release.  At the conclusion of the hearing, the court agreed that Thompson should remain in the government's custody, and ordered the Attorney General to "make all reasonable efforts" to arrange treatment for Thompson at a facility in Maine, where respondent is domiciled.  United States v. Thompson, C.A. No. 00-MC-10516-MLW, Order at 1 (D. Mass. March 19, 2001).

Thompson challenges the district court's order on three grounds.  First, he claims that the court erroneously construed 18 U.S.C. § 4246 to require only an initial certification that no suitable arrangement for treating the respondent in Maine was available.  Thompson argues that the statute obligates the government to prove the absence of suitable treatment options in Maine at the commitment hearing.  In a second related challenge, Thompson argues that his due process rights were violated by the district court's exclusion of evidence that he offered challenging the factual basis for this particular certification by the medical

-2-

center. Finally, respondent claims that the district court erred in finding by clear and convincing evidence that Thompson's discharge would present a substantial risk to persons or property, as required by 18 U.S.C. § 4246(d). For the reasons set forth below, we reject respondent's challenges and affirm the decision of the district court.

Thompson points to two pieces of legislative history to support his first claim of error; favorable language in the statute that preceded the current version of 18 U.S.C. § 4246, see 18 U.S.C. §§ 4243, 4247 (prior to 1984 amendment), and a House report purporting to construe section 4246 after its most recent amendment in 1984. H.R.Rep. No. 98-1030, reprinted in 1984 U.S.C.C.A.N. 3182, 3433. However, this circuit has previously noted that the language of section 4246 unequivocally limits the scope of the commitment hearing to two questions: 1) Whether the person in custody is presently suffering from a mental disease or defect, and 2) Whether the existence of a mental disease or defect creates a substantial risk that the person will injure other persons or property if released. United States v. Ecker, 78 F.3d 726, 728 n.2 (1st Cir. 1996). As the district court observed in its thorough and well-reasoned decision, we do not employ legislative history as an aid in interpreting a statutory provision that is unambiguous on its face. Id. at 730.

Our resolution of Thompson's statutory challenge is dispositive of his due process claims. Because 18 U.S.C. § 4246 denied Thompson the right to litigate the issue of alternative

placement, he suffered no due process injury from the district court's exclusion of evidence proffered in support of an argument that could not be advanced at the commitment hearing.

Turning to Thompson's third claim, we find after reviewing the record that the district court's assessment of the risks presented by respondent's conceded mental illness was supported by clear and convincing evidence. The three doctors who testified at the commitment hearing, including respondent's own medical expert, agreed that in his present mental condition Thompson satisfied the statutory requirements for continued detention.

Accordingly, the decision of the district court is **Affirmed**.