# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1734

_____

United States of America,　　　　 *
　　　　　　　　　　　　　　　　　 *
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　 *　Appeal from the United States
　　v.　　　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　 *　Western District of Missouri.
Michael Wigren,　　　　　　　　　 *
　　　　　　　　　　　　　　　　　 *
　　　　　　Appellant.　　　　　　 *

_____

Submitted: January 12, 2011
Filed: June 9, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Michael Wigren appeals from the district court's[1] order civilly committing him to the custody of the Attorney General of the United States, pursuant to 18 U.S.C. § 4246. The district court found that Wigren suffers from a mental disease or defect, that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that a suitable state placement was not available. Wigren asserts that the government violated his right to due process,

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

because it submitted to the district court an unsubstantiated certification that a suitable state placement was unavailable. He also argues that the court erred in finding that such a placement was not available. We affirm.

I.

On April 28, 2008, the District Court for the Eastern District of Washington found Wigren incompetent to stand trial for the charge of threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B). The district court committed him to the custody of the Attorney General for further mental health evaluations under 18 U.S.C. § 4246. The government transferred Wigren to the United States Medical Center for Federal Prisoners ("MCFP"), located in Springfield, Missouri.

On June 5, 2009, the government filed a petition to determine whether Wigren should be civilly committed under 18 U.S.C. § 4246. The petition included the requisite certifications by the director of MCFP (the "warden") that Wigren had a mental health disease that rendered him substantially dangerous to the public, and that suitable arrangements for state custody and care over Wigren were not available. On or about the same day that the government filed its petition, a staff member at MCFP sent a letter and referral packet to the State of Washington, inquiring whether the State would be willing to accept Wigren for care, custody, and treatment in the state hospital system. On July 18, 2009, the staff member received a letter from the State stating that it was unable to accept Wigren.

A magistrate judge held a hearing on the government's petition, and subsequently recommended Wigren's commitment. After considering objections to the magistrate judge's recommendation, the district court found by clear and convincing evidence that Wigren suffers from a mental disease or defect, that his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that state placement was

unavailable. Accordingly, the court ordered Wigren's civil commitment pursuant to § 4246.

## II.

The Insanity Defense Reform Act ("IDRA"), 18 U.S.C. §§ 4241-4247, sets forth procedures for involuntary civil commitment of federal detainees. The warden is responsible for commencing proceedings under § 4246. The statute provides for commitment of detainees who are due for release, but who present a danger to society as a result of mental illness. Pursuant to § 4246(a):

> If the director of a facility in which a person is hospitalized certifies that a person . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

The filing of the certificate stays the release of a person pending the completion of the procedures set forth in §§ 4246 and 4247. 18 U.S.C. § 4246(a).

Upon receipt of the certificate, the district court must hold an evidentiary hearing to determine whether clear and convincing evidence establishes "that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." *Id.* § 4246(a), (d). If the court makes the requisite findings, it must commit the person to the custody of the Attorney General for treatment and care. *Id.* § 4246(d). The Attorney General is required to release the person to the State in which he is domiciled or was tried, if the State is willing to assume responsibility for the person's custody, care, and treatment. *Id.* If the State

-3-

will not accept the person despite all reasonable efforts of the Attorney General, then the Attorney General must "continue periodically to exert all reasonable efforts to cause . . . a State to assume . . . responsibility for the person's custody, care, and treatment." *Id.*

Wigren does not contest the district court's findings that he presently suffers from a mental disease as a result of which his release would create a substantial risk of injury or property damage. Rather, Wigren argues the warden's "unsubstantiated" certification that no suitable state placement was available violated the IDRA, and thus violated his right to due process under the Fifth Amendment. He also asserts that the district court erred in finding after a hearing that a suitable state placement was not available.

As Wigren presents his constitutional claim, it depends entirely on his assertion that the warden's certification did not comply with the statute, and on his assumption that a violation of the statute amounts to a violation of the Due Process Clause. We reject this claim, because the government did comply with the statute. To stay a person's release and trigger a hearing on civil commitment, the IDRA requires only that the warden certify that "suitable arrangements for State custody and care of the person are not available." The warden here certified as follows: "[W]e believe that suitable arrangements for state custody and care over inmate Wigren are not currently available." The certificate was sufficient on its face, and facial sufficiency is all the statute requires. *Cf. United States v. Belknap*, 26 F. App'x 600, 601 (8th Cir. 2002) (per curiam). The IDRA does not provide for judicial review of the certification, or establish standards by which a court could determine whether "suitable arrangements for State custody" are available. *Cf. United States v. Vancier*, 515 F.2d 1378, 1380-81 (2d Cir. 1975) (holding that judicial review is not available of the government's certification under 18 U.S.C. § 5032 – as required to initiate a juvenile delinquency

proceeding – that, *inter alia*, an "appropriate court of a State . . . does not have available programs and services adequate for the needs of juveniles").[2]

Wigren also contends that the district court erred in finding after a hearing that the government established, by clear and convincing evidence, that suitable arrangements for state custody and care were not available. Although some of our cases have assumed in *dicta* that the court must make such a finding before ordering commitment of a person, *e.g.*, *United States v. LeClair*, 338 F.3d 882, 884 (8th Cir. 2003); *United States v. Ecker*, 30 F.3d 966, 970 (8th Cir. 1994), we conclude that the statute does not require it. There is thus no need to review the district court's determination about the availability of arrangements for placing Wigren in state custody.

The statute is clear about what is required of the court after a hearing under § 4246. The court must commit the person to the custody of the Attorney General if "the court finds by clear and convincing evidence that [1] the person is presently suffering from a mental disease or defect as a result of which [2] his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The statute requires an initial certification by the warden about the availability of state custody, but does not call for the government to present evidence on that matter, or for the court to make a determination about it. *See United States v. Thompson*, 45 F. App'x 4, 4-5 (1st Cir.

---

[2]Insofar as a substantial showing of unconstitutional motive might permit judicial review of a certification, *cf. United States v. Moeller*, 383 F.3d 710, 712 (8th Cir. 2004); *United States v. C.G.*, 736 F.2d 1474, 1478 (11th Cir. 1984), Wigren has not made such a showing. The alleged failure by the warden to carry out formal efforts to place Wigren in state custody before making the certification does not show that his certified "belie[f]" in the unavailability of suitable arrangements was irrational or otherwise based on an unconstitutional motive. And it is undisputed that the warden undertook formal communications with the State of Washington well in advance of the civil commitment hearing.

2002) (per curiam). Rather, if the person is committed after a hearing based on evidence of mental disease and dangerousness, the statute places responsibility on the Attorney General to release the person to the State where the person is domiciled or was tried, or periodically to "exert all reasonable efforts to cause such a State to assume . . . responsibility." 18 U.S.C. § 4246(d). Congress presumably thought the States should bear responsibility for the care of mentally ill persons from their jurisdictions, *see* S. Rep. No. 225, 98th Cong., 1st Sess. 208 (1984), and the IDRA thus imposes a duty on the Attorney General to pursue state placement. But the statute does not endow the committed person with a judicially-enforceable "right" to state custody that must be adjudicated at the hearing. *See United States v. Ecker*, 78 F.3d 726, 731 (1st Cir. 1996).

\* \* \*

The judgment of the district court is affirmed.

_____