# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1872

_____

United States of America,                     *
                                              *
            Appellee,                         *
                                              *   Appeal from the United States
    v.                                        *   District Court for the
                                              *   Western District of Missouri.
Gary Johnson,                                 *
                                              *   [UNPUBLISHED]
            Appellant.                        *

_____

Submitted: January 9, 2012
Filed: January 18, 2012

_____

Before MELLOY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gary Johnson appeals the district court's[1] order involuntarily committing him under 18 U.S.C. §§ 4241 and 4246 to a mental health treatment unit within the United States Medical Center for Prisoners (USMCFP). We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

After being found incompetent and unable to be made competent to stand trial for burglary charges, Johnson was temporarily committed under 18 U.S.C. 4241(d) to the custody of the Attorney General and placed in the USMCFP for a risk assessment to determine whether Johnson should be released. Under 18 U.S.C. § 4246, a person in the custody of the Bureau of Prisons who has been temporarily committed under section 4241(d) will not be released if the court determines: 1) the person presently suffers from a mental disease or defect; 2) the person's release would create a substantial risk of bodily injury to another person or serious damage to the property of another; and 3) no available suitable state placement exists. 18 U.S.C. § 4246; United States v. LeClair, 338 F.3d 882, 884 (8th Cir. 2003).

A risk assessment panel comprised of three members—one psychologist, one psychiatrist, and one social worker—determined that Johnson suffered from a serious mental illness and that his release would create a substantial risk of bodily injury to others or serious damage to the property of another. Specifically, the panel found that Johnson suffers from delusions, is not aware that he is delusional, and is paranoid. The psychiatrist member of the risk assessment panel testified at a hearing before the court that because Johnson's delusions were paranoid, they created a risk of bodily injury to others, specifically because Johnson's delusions make him believe other individuals are trying to harm him, which causes him great agitation. The psychiatrist also testified Johnson's risk of causing bodily injury to others was increased because he had a history of significant drug and alcohol abuse.

At the request of Johnson's public defender, Johnson was evaluated by an independent psychologist apart from the risk assessment panel, Dr. Kenneth Burstin. Dr. Burstin also determined that Johnson was suffering from a mental disease. Dr. Burstin could not rule out that Johnson's release would present a risk of bodily harm to others but concluded the risk presented by Johnson was not a substantial one, in part because Johnson's delusional beliefs did not present until after his arrest.

-2-

Johnson argues the court erred in finding there was clear and convincing evidence that his release would present a substantial risk of bodily injury to himself or others. Specifically, he relies on Dr. Burstin's finding that the risk of his release would not be substantial, that his delusions did not present until after his arrest, and that he had behaved well and non-violently while committed. We review a district court's finding that a substantial risk of bodily injury exists for clear error. United States v. LeClair, 338 F.3d 882, 885 (8th Cir. 2003).

Johnson has done well while in treatment and has not been violent. However, "[o]vert acts of violence are not required to prove" a substantial risk of bodily injury to others. United States v. Williams, 299 F.3d 673, 677 (8th Cir. 2002). "[A] finding of 'substantial risk' under § 4246 may be based on any activity that evinces a genuine possibility of future harm to persons or property." Jones v. United States, 463 U.S. 354, 364-65 (1983). In Williams, we noted that the defendant's minimal history of actual violence and "relatively problem-free incarceration" were insufficient to establish that the defendant's release would not pose a substantial risk of bodily injury. 299 F.3d at 677.

None of the professionals who evaluated Johnson believed his release would not present a risk of bodily injury to others. Only one, Dr. Burstin, characterized this risk as less than substantial. In addition to these professional reports, Johnson has a lengthy criminal history including a conviction for aggravated assault and an additional charge of assault. Additionally, he has a significant history of drug and alcohol abuse. We have noted that the major factors in determining whether an individual's release presents a substantial risk of harm of bodily injury to others include a history of inflicting bodily injury and a history of drug and alcohol use, among others. United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994). Thus, we cannot say under these circumstances that the court clearly erred in determining that Johnson's release would pose a substantial risk of bodily injury to another person.

Under section 4246, in addition to finding that an individual to be committed suffers from a mental disease and his release would present a substantial risk of bodily injury to others, the court may not commit the individual unless no state placement for the individual is available.  18 U.S.C. § 4246(d).  Johnson argues that the Government failed to prove that no state placement was available for him.

Johnson was unwilling to release his medical records to the State of Tennessee, where Johnson could potentially have been placed.  The MCFP warden contacted the State of Tennessee and learned it would not accept Johnson into placement without his medical records.   The Government submitted a certificate of the warden conveying this information to the court. However, Johnson argues the MCFP had a duty to pursue other alternatives for his state placement and that the Government bears the burden of showing a state will not assume responsibility for him.  We determined in United States v. Wigren, 641 F.3d 944, 947 (8th Cir. 2011), that the Government is not required to put on proof on the matter of state custody aside from the initial certification by the warden because section 4146 "does not endow the committed person with a judicially-enforceable 'right' to state custody that must be adjudicated at the hearing." 641 F.3d at 947.  Johnson acknowledges in his brief that Wigren forecloses his argument, however, he asserts his argument to preserve it pending a possible positive outcome in the Wigren case.  After Johnson filed his brief, the Supreme Court denied certiorari.  See United States v. Wigren, 132 S. Ct. 561 (2011).  Under Wigren, the warden's certification was all that was necessary for the court's determination that state placement was unavailable for Johnson.

For these reasons, we affirm the district court's order committing Johnson to custody.

_____