**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2243

UNITED STATES OF AMERICA,

Petitioner, Appellee,

v.

BRIAN E. MAHONEY,

Respondent, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

Mark W. Shea, with whom Shea and LaRocque, LLP was on brief, for appellant.
Abraham R. George, Assistant United States Attorney, with whom Carmen M. Ortiz, United States Attorney, was on brief, for appellee.

November 1, 2016

**Per Curiam**.  Brian Mahoney appeals from the district court's decision to civilly commit him under 18 U.S.C. § 4246.

Federal law authorizes the civil commitment of certain persons whose release poses a danger to others.  See 18 U.S.C. § 4246.  When the government seeks to commit such a person, the district court is to hold a hearing, the scope of which is limited to two questions: (1) "[w]hether the person . . . is presently suffering from a mental disease or defect," and (2) "[w]hether the existence of a mental disease or defect creates a substantial risk that the person will injure other persons or property if released." United States v. Thompson, 45 F. App'x 4, 4-5 (1st Cir. 2002) (per curiam); see also 18 U.S.C. § 4246(a).  In Mahoney's case, after a three-day hearing, the district court found by clear and convincing evidence that the answer to both questions was "yes" and that civil commitment was warranted.

Upon review of the record as a whole, consideration of the parties' briefs, and listening to oral argument, we summarily affirm the judgment below.  See United States v. Mahoney, 53 F. Supp. 3d 401 (D. Mass. 2014).  In doing so, we specifically note that the district court did not err either by declining to make an independent finding on whether Mahoney was incompetent or by relying upon the Modified Pretrial Services Report, nor did it abuse its discretion by admitting into evidence testimony about three risk assessment instruments.

The judgment below is summarily **affirmed**.  <u>See</u> 1st Cir.
R. 27.0(c).