**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7300**

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

     v.

LAWRENCE MONTGOMERY FOLTZ,

                Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-hc-02115-BR)

Submitted: May 18, 2018                          Decided: May 30, 2018

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Robert J. Dodson, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Montgomery Foltz appeals the district court's order committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 (2012). Foltz argues that, because the district court did not find that suitable arrangements for state custody and care were unavailable, the district court's order must be vacated. Because Foltz did not raise this issue in the district court, our review is for plain error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). We affirm.

The acting warden of FMC-Butner signed a certificate stating in pertinent part:

> The . . . forensic staff believe that [Foltz] is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. In addition, suitable arrangements for State custody are not available.

Pursuant to 18 U.S.C. § 4246(a), the certificate was forwarded to the district court, and a hearing on whether Foltz satisfied the criteria for commitment was scheduled.

Following the hearing, the district court determined by clear and convincing evidence that Foltz "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." The court accordingly committed Foltz to the custody of the Attorney General. *See* 18 U.S.C. § 4246(d).

The court made no finding as to whether suitable arrangements for state custody and care were available. Foltz contends that this omission warrants reversal. We disagree. Section 4246(d) obligates the district court to make a finding as to Foltz's mental state but does not also require a finding as to the availability of state custody and

care.  *See United States v. Wigren*, 641 F.3d 944, 947 (8th Cir. 2011) ("The statute requires an initial certification by the warden about the availability of state custody, but does not call for the government to present evidence on that matter, or for the court to make a determination about it.").

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*