# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2839

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Malmstrom

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 15, 2022
Filed: August 16, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Eric Malmstrom appeals the civil commitment order committing him to federal custody and involuntary hospitalization under 18 U.S.C. § 4246. Malmstrom

contends the district court[1] erred in finding that he was dangerous and that no suitable arrangements for state custody were available. We affirm.

## I. Analysis

The civil commitment statute, 18 U.S.C. § 4246, allows for "the indefinite hospitalization of a person due for release but who, as the result of a mental illness, poses a significant danger to the general public." *United States v. Thomas*, 949 F.3d 1120, 1123 (8th Cir. 2020) (quoting *United States v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997)). Under § 4246, when the director of a facility housing a person "whose sentence is about to expire" certifies "that the person suffers from a mental disease or defect" such that release would create a substantial risk of bodily injury to other people or serious property damage, and that no "suitable arrangements for State custody and care" are available, "the district court must hold a hearing to determine if the individual is mentally ill and dangerous." *S.A.*, 129 F.3d at 998 (internal quotations omitted).

At the civil commitment hearing, the government must establish by clear and convincing evidence the following: (1) the person suffers from a mental disease or defect; (2) the person will be dangerous if released; and (3) a direct causal nexus exists between the mental disease or defect and dangerousness. *Thomas*, 949 F.3d at 1123. The government must also prove that no suitable state placement exists. *Id.* If the government carries its burden of proving these elements, "the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4246(d). Here, the district court found the government met its burden of proof and thus committed Malmstrom to the custody of the United States Attorney General.

Malmstrom appeals this decision. "We review the factual determinations underlying the district court's § 4246 decision for clear error." *Thomas*, 949 F.3d at

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota.

1123 (quoting *United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002)). We will reverse these determinations only if we are left with a "definite and firm conviction that a mistake has been committed." *Id.* (quoting same). Malmstrom argues the district court erred in two primary ways. We are not persuaded.

## A. Dangerousness

Malmstrom first argues the district court's finding that he would be dangerous upon release was not supported by clear and convincing evidence.[2] He asserts the district court was required to find that a majority of the seven non-exhaustive factors set out in *United States v. Chairse*, 18 F. Supp. 2d 1021, 1029 (D. Minn. 1998), weighed in favor of his dangerousness, but the district court here only found a minority (three) of the factors did so.[3] We disagree. In determining dangerousness, Malmstrom correctly concedes the district court was not confined to the factors set out in *Chairse*. Indeed, the district court could consider "*any* activity that evinces a genuine possibility of future harm to persons or property" in determining whether Malmstrom was dangerous. *United States v. Dalasta*, 3 F.4th 1121, 1125 (8th Cir. 2021) (quoting *Williams*, 299 F.3d at 677).

The district court's finding that the government proved by clear and convincing evidence that Malmstrom was dangerous had ample support in the

[2]Malmstrom's characterization of the district court's alleged error as a misinterpretation of the burden of proof (i.e., an error of law) is unavailing. Both the magistrate judge's report and recommendation and the district court's order repeatedly and correctly stated the government bore the burden to prove dangerousness by clear and convincing evidence.

[3]These factors are: (1) "a history of dangerousness"; (2) "a history of drug or alcohol use"; (3) "identified potential targets"; (4) "previous use of weapons"; (5) "any recent incident manifesting dangerousness"; (6) "a history of problems taking prescribed medicines", *Chairse*, 18 F. Supp. 2d at 1029 (quoting *United States v. Ecker*, 30 F.3d 966, 970 (8th Cir. 1994)); and (7) the effect of supervised release. *Id.* at 1031. We have never held that these seven factors alone control our analysis of dangerousness.

record. The district court considered Malmstrom's extensive criminal history, which dates from 1999 to his latest conviction in 2019 for threatening a Swedish Embassy employee and involves repeated instances of assaultive and threatening behavior. The district court also considered Malmstrom's history of mental illness (specifically schizophrenia), his repeated denials that he is mentally ill, his history of noncompliance with his medication regimen, and his tendencies toward violent behavior when off his medication. Although Malmstrom claims he has complied in taking his medication since early 2020, the district court noted Malmstrom has consistently refused medication for much of his past. And the district court did not clearly err in determining the temporal remoteness of some of Malmstrom's violent criminal convictions does not render them irrelevant in assessing whether he is dangerous, especially considering his recent threats toward the Swedish Embassy employee and prison staff. Given this extensive evidence, we are not left with a definite and firm conviction that the district court erroneously found Malmstrom was dangerous.

## B. Arrangements for State Custody

Malmstrom next argues the district court erred in finding the government met its burden to prove no suitable arrangements for state custody were available. We disagree. In *United States v. Wigren*, we held a director's facially sufficient certification that no such arrangements exist satisfies the government's burden of proof on unavailability of state custody. 641 F.3d 944, 946–47 (8th Cir. 2011). Here, the director made such a certification, and Malmstrom does not challenge the facial sufficiency of the certification. Instead, Malmstrom argues our holding in *Wigren* should not control because it allegedly conflicts with an earlier panel's implication that the unavailability of state custody must be proven by clear and convincing evidence. *See Ecker*, 30 F.3d at 970. But we are not persuaded. As the district court correctly explained, *Wigren* accounted for the implication of *Ecker*, holding that although *Ecker* and other cases had "assumed in *dicta*" that the court must find unavailability of State custody by clear and convincing evidence, the statute does not impose such a high burden. *Wigren*, 641 F.3d at 947. The district

court correctly determined the government's burden of proof on unavailability of state custody under our holding in *Wigren*. Therefore, we see no error in the district court's finding that the director's certification satisfied the government's burden of proof.

## II. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____